IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:97-CR-40008-4 |
| | ) | |
| v. | ) | |
| | ) | |
| MARLOW ANDRE FARMER, | ) | By: Hon. Michael F. Urbanski |
| Defendant | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Defendant Marlow Andre Farmer, represented by counsel, filed a motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-015. ECF No. 471. He asks that his sentence be reduced from life to 240 months, which would result in his immediate release. The government does not contest that Farmer is eligible for consideration of a reduction of his sentence but argues that the court should decline to exercise its discretion to reduce his sentence to 240 months because that would result in his having "banked time" and also because of the aggravated circumstances of his offense. ECF No. 486. A hearing was held in this matter on December 15, 2020. As Farmer has already served more time than the maximum sentence authorized for each individual count of conviction, the court will **GRANT in part** Farmer's motion and modify his sentence to **TIME SERVED**.[1]

### I.

On January 21, 1997, Farmer was charged with conspiracy to distribute cocaine base from late 1995 until the date of the indictment (Count 1); distribution of cocaine base on

---

[1] The court agrees with the government that recognition of banked time is inappropriate, and thus will not reduce the sentence to 240 months. A time served sentence eliminates the banked time issue.

January 19, 1996 (Count 7); distribution of cocaine base on February 29, 1996 (Count 11); possession of a firearm in relation to a drug-trafficking crime on February 29, 1996 (Count 12); and distribution of cocaine base on April 17, 1996 (Count 31). Presentence Report ("PSR") ¶ 1, ECF No. 476 at 4. Farmer was tried by a jury, and on June 23, 1997, the jury returned a verdict finding him guilty on Counts 1, 11, and 31 and not guilty on Count 7. Count 12 was dismissed by agreement of the parties. Jury Verdict, ECF No. 135.

According to the PSR, when Farmer was sentenced in 1997, the statutory sentencing range for Count 1 was 10 years to life and the statutory range for Counts 11 and 31 was 5 to 40 years. PSR at 1 and ¶ 89, ECF No. 476 at 2, 23. His guidelines sentencing range was life. That calculation was based on a total drug weight of 5,069.308 grams of cocaine base, which gave him a base offense level of 38. He received 2 points for possession of a firearm during the offense, 3 points because a law enforcement officer was injured,[2] 2 points for being a leader of the criminal activity, and 2 points for obstruction of justice for trying to obtain false statements from codefendants, for a total of 47 points. He had a criminal history of III, resulting in a guidelines range of life. PSR at ¶ ¶ 22-32, 90, ECF No. 476 at 13, 23.

On October 23, 1997, Farmer was sentenced to life on Count 1 and 480 months each on Counts 11 and 31 to run concurrently with his life sentence, to be followed by a 5-year term of supervised release. ECF No. 181. The life sentence was mandatory under the guidelines at that time. Farmer has served approximately 289 months in prison.

---

[2] According to the PSR, when Danville, Virginia police officers were executing a search warrant in this case, Farmer shot a 9 mm pistol and struck one of the officers in the neck. The officer was treated and released at a local hospital. PSR ¶ 15, ECF No. 476 at 11.

At the time Farmer was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (1996). In 2010, the Fair Sentencing Act was enacted, and Section 2 of the act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base. For an offense involving an unspecified amount of cocaine base, the punishment range did not change under the Fair Sentencing Act, and it remains punishable by up to 20 years imprisonment. 21 U.S.C. § 841(b)(1)(C).

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

## II.

The parties agree that the First Step Act applies to Farmer. The parties further agree that no drug weight was specified in the indictment or found by the jury. If the Fair Sentencing Act had been in effect when Farmer was sentenced, he would have faced a maximum statutory sentence of 20 years on each count, with no mandatory minimum. 21 U.S.C. § 841(b)(1)(C). His base offense level would have dropped from 38 to 34 based on the drug weight in the PSR and his total offense level would have been 43 rather than 47. See PSR ¶¶ 22-32, ECF No. 476 at 12-13 and Addendum to PSR, ECF No. 478 at 3. An offense level of 43 is the highest number listed on the sentencing guidelines table and calls for a life sentence. Farmer's guideline range is reduced to 20 years, however, because of the statutory maximum of 20 years under 21 U.S.C. § 841(b)(1)(C).[3]

Because of changes in the law since he was first sentenced, the government agrees that Farmer faces a maximum of 20 years on each of his three drug convictions. Regardless, the government argues that the court should exercise its discretion under the First Step Act and decline to reduce his sentence. The government asserts that Farmer's sentence should not be reduced because he was a leader of a conspiracy moving large quantities of drugs and because of his wounding of a police officer during the execution of the search warrant. The government notes that the officers knocked and identified themselves and were dressed in police uniforms. In addition, the officer who was shot along with several of his family

---

[3] Neither the indictment in this case nor the jury's verdict made reference to drug weight. Nor did the indictment name a specific penalty provision under 21 U.S.C. § 841(b). As such, Farmer faces a maximum penalty for a measurable quantity of cocaine base under 21 U.S.C. § 841(b)(1)(C) of 20 years on each of his three counts of conviction.

4

members and members of the community submitted letters to the court describing the traumatizing effect of the incident and expressing concern that Farmer poses a threat to the safety of the community.

Farmer argues that his conduct since he has been incarcerated supports his request for modification of his sentence. In his 23 years of incarceration, he has incurred only two disciplinary infractions, one for possession of gambling paraphernalia in 2001 and the other for failure to follow safety regulations in 2004. In addition, although he has faced a life sentence while incarcerated, he has earned a number of certificates and has taken community college courses in air conditioning, welding, and electricity. Remarkably, he has gotten high ratings for his work performance at his UNICOR job during the past eleven years and has received very positive comments from his supervisors. In Farmer's evaluation for the period ending March 25, 2019, his supervisor stated that Farmer was extremely dependable, works closely with staff, and has always gone above and beyond what would be expected of him to ensure that his job site functions properly. Job Evaluation, ECF No. 473-1 at 12. At the hearing, two of Farmer's children testified that while he has been incarcerated, he has remained in close contact with them and has encouraged them to make good choices and to pursue education. His children, along with two other witnesses, testified that they would offer him support when he is released from incarceration.

The court finds that it has authority under 18 U.S.C. § 3582(c) to modify Farmer's sentence, taking into account the advisory nature of the guidelines after Booker[4] and the

---

[4] See United States v. Booker, 543 U.S. 220 (2005) (holding that in order to avoid a constitutional violation,

considerations set forth in 18 U.S.C. § 3553(a).[5] The factors set out in 18 U.S.C. § 3553(a) include the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . .

18 U.S.C.A. § 3553(a).

---

the Sentencing Guidelines are advisory and not mandatory).

[5] Section 3582(c)(1) directs the court to consider the factors set forth in 18 U.S.C. § 3553(a); United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020).

Turning first to the nature and circumstances of the offense, the court notes that Farmer was involved in an extensive drug distribution operation, and that he shot an officer in the neck during a forced entry to execute a search warrant. Nevertheless, if he were sentenced today on the drug offenses, he would be subject to a statutory maximum sentence of 20 years on each count.  Even if the penalties for the three counts of conviction were run consecutively, the total would not exceed 60 years. The court finds that the serious nature of Farmer's underlying crimes calls for the statutory maximum sentence on each count. However, the court does not find that running the sentences on each count consecutively is appropriate because the two distribution counts were part and parcel of the drug conspiracy count, and a 20-year sentence is sufficient punishment for the related drug dealing offenses.

Looking next at the history and characteristics of the defendant, the PSR notes that Farmer was raised in a large family in Blairs, Virginia. He does not appear to have problems with drug or alcohol addiction. He graduated from high school in 1984 and was an average student. PSR ¶¶ 79, 85-86, ECF No. 476 at 20-23. As described above, since being incarcerated, Farmer has had an exemplary discipline record and has worked for UNICOR for many years, earning high praise from his supervisors. He has expressed remorse for his behavior in letters he has written to the law enforcement officer he shot, as well as in letters to the court. Farmer has a plan for release which includes living with his daughter and her two children. Farmer currently is 54 years old. The court finds that Farmer's disciplinary record, his work history, his familial support, and his current age weigh in favor of a modification of his sentence to time served.

7

In contrast to the 20-year maximum sentence Farmer now faces for each drug offense, in 1997 the court was required to impose a life sentence under the mandatory sentencing guidelines system. Today, the court must evaluate the other § 3553(a) factors, including the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. The court finds that the 24 years that Farmer has served reflects the seriousness of the drug dealing offenses of which he was convicted and provides just punishment. In addition, given Farmer's behavior and accomplishments since he has been incarcerated, it is clear that he has been rehabilitated. Further, the court finds that the time he has spent in prison thus far has provided an adequate deterrent to criminal conduct and has protected the public.

The court further finds that requiring Farmer to serve an additional period in prison will not provide him with additional relevant training, medical care, or other correctional treatment. Again, the court emphasizes that if Farmer were sentenced today on his counts of conviction, he would face a statutory maximum sentence of 20 years on each count.

Finally, the court notes that Farmer's sentence was longer than any of the sentences of the other defendants. The second longest sentence imposed on the defendants was 240 months, with the remainder being 120 months or less. Farmer has served approximately 289 months, and the court finds that a reduction in his sentence to time served is consistent with the sentences imposed and served by the other defendants in this drug conspiracy.

The court has considered the letters submitted by the victims and members of the community asking that his sentence not be reduced and the letters written in support of Farmer. To be sure, Farmer's conduct in shooting at and wounding a law enforcement officer was dangerous and reprehensible, but it must be noted that he was convicted of a drug conspiracy and two counts of drug distribution, and not a crime of violence associated with the shooting. Farmer was charged with offenses related to the shooting in state court, but those charges were dismissed by state prosecutors.

The court finds that factors discussed above support the conclusion that Farmer's sentence be modified to time served. The court believes that this sentence is consistent with the policy behind the First Step Act and is sufficient, but not greater than necessary, to meet the sentencing goals of punishment, deterrence, protection of the public, and rehabilitation undergirding 18 U.S.C. § 3553(a).

Accordingly, the court **GRANTS** Farmer's motion under the First Step Act, ECF No. 471, and reduces his sentence to **TIME SERVED**, to be followed by a 5-year term of supervised release under the conditions specified in the original judgment.

An appropriate order will be entered. The order will be **STAYED** for up to 10 days to allow the Bureau of Prisons to process Farmer's release.

It is so **ORDERED**.

Entered:  December 22, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.12.22 16:06:59
-05'00'

Michael F. Urbanski
Chief United States District Judge

9